UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| PEDRO POMALES,<br>*Plaintiff,*<br>v.<br>LOWE'S HOME CENTERS, LLC,<br>*Defendant.* | Civil No. 3:19cv831 (JBA)<br><br>November 25, 2019 |

**RULING ON PLAINTIFF'S MOTION TO REMAND**

Plaintiff Pedro Pomales moves to remand this action to the Connecticut Superior Court from which it was removed and moves for an award of attorneys' fees "based on his having to contest Defendant's improper removal of this action." (Mot. to Remand [Doc. # 16].) Defendant opposes. ([Doc. # 17].)

Plaintiff brought suit against Defendant Lowe's Home Centers, LLC ("Lowe's"), his former employer, in Connecticut Superior Court, asserting violations of the Connecticut employment statutes and the federal Family and Medical Leave Act (FMLA). (Not. of Removal [Doc. # 1] at 1.) The Complaint was served on Lowe's on May 2, 2019. (*Id.*) Lowe's removed the action to this Court on May 30, 2019. (*Id.*)

Defendant's Notice of Removal asserted that this Court "has original jurisdiction under the provisions of 28 U.S.C. § 1332 because there is diversity of citizenship" among the parties and the amount in controversy exceeds $75,000. (*Id.* at 2.) Plaintiff is a citizen of Connecticut, (Complaint [Doc. # 1-1] ¶ 1), and Defendant is a corporate citizen of North Carolina, (*id.* at ¶ 2; Not. of Removal at 2). Defendant also asserts that this Court "has original jurisdiction over this matter under the provisions of 28 U.S.C. § 1331" because the Complaint involves a federal question, namely Plaintiff's claims of FMLA violation, and that the Court may exercise

supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367. (Not. of Removal at 3.) Plaintiff argues nonetheless that removal was improper in this case, and that the action must be remanded to state court.

Any "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(b). Thus Plaintiff argues that because the Complaint includes a claim arising under Conn. Gen. Stat. § 31-290, part of Connecticut's Workers' Compensation Act, the case may not be removed to this Court. (Mot. to Remand at 2.) Plaintiff cites *Wilson v. Lowe's Home Ctr., Inc.*, 401 F. Supp. 2d 186 (D. Conn. 2005), in support of his position that because the § 31-290 claim is an integral part of the Complaint, the entire action is nonremovable. (*Id.*)

But under 28 U.S.C. § 1441(c), enacted after the decision in *Wilson v. Lowe's*, any action which includes both a federal claim and a "claim that has been made nonremovable by statute . . . may be removed if the action would be removable without the inclusion of the" nonremovable claim. In that situation, "the district court shall sever from the action all claims" which are nonremovable and "shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2).

Count One of the Complaint, which arises under Conn. Gen. Stat. § 31-290, was "made nonremovable by statute" under 28 U.S.C. § 1445(c). Plaintiff does not dispute that the other claims in his Complaint would otherwise be removable to this Court. (*See* Pl.'s Reply [Doc. # 18] at 1 (describing the "overall point of Plaintiff's Motion to Remand" as "that by virtue of 28 USC § 1445(c) the Court does not have jurisdiction *over Plaintiff's § 31-290a claim* and that claim must therefore be remanded to state court") (emphasis added).) Defendant agrees that under 28 U.S.C.

§ 1445(c), this Court "may sever and remand the workers' compensation claim, while retaining jurisdiction over all other claims." (Def.'s Opp. at 4.)

Thus the Court will sever Count One of the Complaint, "Wrongful Termination in Violation of Conn. Gen. Stat. § 31-290a," from Counts Two through Six, which arise under Connecticut's disability discrimination statute, Conn. Gen. Stat. § 46a-60, and the FMLA. Count One is remanded to the Connecticut Superior Court, Judicial District of Windham at Putnam, where it was filed by Plaintiff. Counts Two through Seven remain pending before this Court. *See Miley v. Housing Auth. of City of Bridgeport*, 926 F. Supp. 2d 420, 428 (D. Conn. 2013) (severing claim under Conn. Gen. Stat. § 31-290 and remanding that claim to state court but retaining jurisdiction over other claims as directed by 28 U.S.C. § 1441(c)).

Plaintiff also requested "an award of attorney's fees for having to contest Defendant's improper removal of his § 31-290a claim." (Mot. to Remand at 3.) But "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Corp.*, 546 U.S. 132, 136 (2005). Plaintiff argues that "Defendant lacked any objectively reasonable basis for seeking removal" given the prohibition on removing state workers' compensation claims in 28 U.S.C. § 1445(c). But Defendant's removal of the Complaint to this Court was proper under 28 U.S.C. § 1441, which provides that "the entire action may be removed" despite the inclusion of a nonremovable claim and directs "the district court" to sever and remand the nonremovable claim. Thus Defendant had an objectively reasonable basis for removing this action, and Plaintiff is not entitled to attorneys' fees for his motion to remand.[1]

---

[1] In his reply brief, Plaintiff acknowledges that "Defendant is superficially correct that 28 U.S.C. § [1441] permits the initial removal of Plaintiff's otherwise non-removable" claim and

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED in part as to Count One of the Complaint and DENIED in part as to Counts Two through Six of the Complaint and as to Plaintiff's request for attorneys' fees. Count One is severed from this action and remanded to the Connecticut Superior Court. Plaintiff shall file an amended complaint which excludes Count One of the original Complaint within fourteen days of the date of this ruling. The Clerk is directed to remand Count One of the Complaint to the Connecticut Superior Court, Judicial District of Windham at Putnam.

IT IS SO ORDERED.

/S/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 25th day of November 2019.

---

does not offer any additional argument in support of his request for attorneys' fees. (Pl.'s Reply at 1.)